**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121340

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| Raizy Lowinger,<br><br>Plaintiff,<br><br>v.<br><br>Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS"),<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Raizy Lowinger, by and through the undersigned counsel, complains, states, and alleges against defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

### PARTIES

5. Plaintiff Raizy Lowinger ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CCS") ("Defendant") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Norfolk County, Massachusetts.

8. Defendant has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's businesses is the collection of such debts.

12. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope

of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

### FACTUAL ALLEGATIONS

15. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

16. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

18. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was allegedly in default.

19. In its efforts to collect the alleged Debt, Defendant caused correspondence, including a collection letter dated October 11, 2020, to be sent to Plaintiff. (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1**.")

20. The Letter conveyed information regarding the alleged Debt.

21. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

22. Other than for co-pays, Medicaid recipients may not be balance-billed.

23. The alleged Debt is not a co-pay, but rather represents unlawful balance billing.

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

25. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

28. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from CCS.

29. An attempt by a debt collector to collect balance-billing under Medicaid or Medicare is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

30. An allegation by a debt collector that a consumer owes balance-billing under Medicaid or Medicare, is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

31. Defendant's allegation that Plaintiff owes balance-billing under Medicaid is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

32. Defendant's allegation that Plaintiff owes balance-billing under Medicaid is a false representation of the character, amount, and/or legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

33. By sending a collection letter to Plaintiff to collect on the alleged Debt, Defendant misrepresented the status of the debt as collectible, when it was not, in violation of 15 U.S.C. § 1692e(2)(A).

34. Defendant's allegation that Plaintiff owes balance-billing under Medicaid is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

35. Plaintiff's injury is directly traceable to Defendant's conduct because Defendant sent the Letter, and but for Defendant's conduct, Plaintiff would not have been deprived of the aforementioned rights.

36. Plaintiff has been misled by Defendant's conduct.

37. Defendant's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendant's conduct.

38. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the alleged Debt and other alleged debts.

39. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause Plaintiff unwarranted economic harm.

40. As a result of Defendant's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

41. As a result of Defendant's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

42. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

43. A favorable decision herein would redress Plaintiff's injury with money damages.

44. A favorable decision herein would serve to deter Defendant from further similar conduct.

45. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**JURY DEMAND**

46. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

d. Awarding the costs of this action to Plaintiff; and

e. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

f. Such other and further relief that the Court determines is just and proper.

DATED: February 22, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121340
*Attorneys for Plaintiff*

6